Hon. JAMES BARRETT,
Hon. BENJAMIN H. STEELE, } Assistant Judges.
Hon. HOYT H. WHEELER,

---

## G. P. Camp *v.* W. B. Page.

*Promissory Note. Partnership. Contract. Payment. Parol Evidence.*

A copartnership in trade having taken the note of a customer for a balance of accounts against him, it is competent for them, while they hold the note, to make a binding agreement that it should be satisfied by the work the maker had done for one of the partners individually, and that one having made such an agreement, and the other assented to it, it became operative as the .agreement of both. And it being in dispute whether there was such an agreement, in a suit on the note, it was *held* proper, as bearing on this question, for the defendant to introduce parol evidence tending to show that the partners, M. and P., agreed with each other, before the defendant began to purchase goods of them, that M. should make a bargain with the defendant to work for him and take his pay therefor out of M. & P.'s store, and that M. made such bargain, and so informed P. at the time, and that the defendant did work for M., and took goods, from time to time, under said agreement.

The agreement in respect to the note having been found by the jury as the defendant claimed, and his account for work done for M. being more than the note, the agreement operated as payment of the note at once.

THIS was an action on a promissory note, dated March 10, 1868, payable to Martin & Perry, with interest annually, on demand, for $76.98. Plea the general issue. Trial by jury, and verdict for the defendant, December term, 1869, PECK, J., presiding.

The plaintiff introduced the note, and proved the execution of it, and rested. It appeared that the note came into the possession of the plaintiff from Martin & Perry, the payees, under such circumstances, and so long after its execution, that no question was made by the plaintiff's counsel but that it was competent for the defendant to interpose any defense that would be competent if the payees still owned the note, and the suit were brought in their name ; and the trial, without objection, proceeded on that ground.

The evidence on the part of the defense ( it being parol evidence ) tended to show that, for some time prior to, and at the time the note was executed, Martin & Perry were partners, doing business in the village of Plainfield as merchants, under the firm of Martin & Perry ; that Perry had the active management of the business in the store, in dealing out the goods, keeping the books, etc., and Martin was the out-door man in the business to some extent, but was a farmer, owning and carrying on a large farm a few miles from the store, and spent his time principally in that business, and in which the firm had no interest, Martin knowing but little about the details of the business in the store, that is as to the details of accounts with customers ; that the defendant, during that time was a blacksmith carrying on that business in the same village ; that the defendant, immediately prior to the commencement of his dealing with Martin & Perry at their store, was supplying himself with goods at the store of a relative of his, and that Martin & Perry had a conversation between themselves on the subject of trying to get the defendant to trade with them, at their store, and that Martin told Perry that he thought they could get the defendant's trade, and that he, Martin, would have a good deal of blacksmithing to be done, and he thought the defendant would do it and take it out of their store, and that Martin & Perry agreed that Martin should make a bargain to that effect with the defendant, and Martin did thereupon make such a bar-

gain with him, of which he informed Perry at the time, and about the same time Martin procured the defendant to iron a wagon which belonged to Martin & Perry, and was to take his pay out of Martin & Perry's store ; and that thereupon the defendant, from time to time, did other blacksmith work for Martin, and from time to time took up goods at Martin & Perry's store under the agreement that the work he did or should do for Martin, as well as what he did for Martin & Perry, should be applied in payment for said goods, and the understanding was that the goods at the store should, for the time being, be charged on the store books to the defendant, and he at the same time charge to Martin the work he did for Martin, but that ultimately, when the account came to be settled, the work he should do, whether for Martin or for Martin & Perry, should be in payment of the goods, and that upon the faith of this agreement and mutual understanding, with the knowledge and consent of Perry, as well as Martin and the defendant, the accounts on both sides accrued up to the date of this note, at which time the account at the store against the defendant amounted to the sum of the note in suit over and above the work the defendant had done for Martin & Perry, and that the work the defendant had done, on the faith of this agreement, for Martin, amounted to more than the sum of two hundred dollars, which amount was and still is unpaid, except as above stated ; that just previous to the date of the note, the firm of Martin & Perry being about to close up their business, Perry spoke to the defendant about settling the store account, and the defendant reminded him of the agreement under which the account accrued, and of his account against Martin, which was to apply as above stated ; that nothing was then done for the reason that Perry said that he did not like to adjust Martin's account, that he wanted Martin to look it over himself; that it rested a short time, Martin & Perry and the defendant not having all been together to make the settlement and application according to the agreement. Perry told the defendant he wanted to close the store books, and the defendant claiming, as before, that his account against Martin should apply, Perry told the defendant that the account against Martin should apply as the defendant claimed

it should, and as he wanted to have the store books closed, that the defendant might give his note for the amount of the store account, and that it should make no difference, that the defendant's account against Martin should apply in payment of the note, and that the defendant and Martin might apply the defendant's account on the note ; and under this agreement of the parties, and consent of Perry, the defendant executed the note in suit for the balance of the store account, not deducting the said account against Martin ; that within a very few days the defendant saw Martin and told him that he had given the note, and stated to him what Perry said, and the agreement under which he gave the note, and thereupon Martin, as he always had conceded the original agreement was as already stated, then agreed with the defendant that the defendant's account should apply on the note, and that Martin would get the note and have it done.

Soon after this it appeared that Martin & Perry got into some dispute about their partnership matters, and Martin never got the note, but Perry transferred it to the plaintiff without the knowledge or consent of Martin. The evidence of Martin, who was a witness, was that there was such agreement, and that he was still desirous to have it carried out. No question was made but that the balance of the defendant's account aforesaid against Martin was more than the amount of the note, and more than two hundred dollars. It appeared that the defendant had always been ready and had frequently requested the application of the account to be made on the note.

The above evidence was objected to on the part of the plaintiff, on the ground that it tended to contradict the note. The court decided that however it might be if nothing had transpired after the execution of the note, the agreement between Martin and the defendant, after the note was executed, was competent to be proved if that agreement was by consent of Perry, and what was said between Perry and the defendant at the time the note was executed, might be evidence tending to show such by Perry, and as it was stated by the plaintiff's counsel that the fact was denied by the plaintiff and by Perry as to any such agreement being made between Perry and the defendant when the note was executed, or ever, the

court decided that the evidence as to the accounts having accrued under such agreement as the defendant claimed with the knowledge and consent of Perry, was admissible as tending to render it more probable that such agreement was made and consent given by Perry when the note was executed, in the conflict of evidence on that point, and the court admitted the evidence, to which the plaintiff excepted.

The plaintiff introduced said Perry as a witness, whose testimony tended to show that no such agreement was made or consent given on his part for the application of the defendant's accounts against Martin at the time the note was given, and that he never consented to any such agreement for such application on the note, and that he had no knowledge of any such agreement being made as to applying the defendant's account against Martin, upon the company accounts of Martin & Perry, and that he never consented to any such application or to any such agreement. After the evidence was closed, the plaintiff's counsel insisted that if the jury should find such agreements as the evidence, on the part of the defense, tended to show, it was such an executory agreement unexecuted as could not be a defense. The court declined so to instruct the jury, but decided according to the decision made when the defendant's evidence was admitted, and charged the jury accordingly. The plaintiff's counsel excepted to the refusal of the court to charge as requested, and to the charge on that point so far as it differed from the request.

*S. C. Shurtleff*, for the plaintiff.

The parol evidence offered by the defendant, and admitted by the court, was inadmissible. *Farnham* v. *Ingham*, 5 Vt., 514; *Bradley* v. *Bently*, 8 Vt., 243; *Reed* v. *Wood*, 9 Vt., 285; *Isaacs* v. *Elkins*, 11 Vt., 679; *Hatch* v. *Hyde*, 14 Vt., 25; *McDuffee* v. *Magoon & Fifield*, 26 Vt., 518. The court erred in instructing the jury that the consent of Perry to the defendant's contract with Martin might be presumed from what was said between the defendant and Perry at the time the note was executed. *Admr. of Hammond* v. *Smith*, 17 Vt., 231.

The agreement which the defendant made with Martin being

made under such circumstances that it was not claimed by the defendant's counsel, nor were the court willing to charge the jury that it was a defense to the note without Perry's consent, it cannot be claimed that Martin's agreement was binding on the firm, as the agreement was not within the scope of the partnership business. Story on Partnership, §§ 132, 133 and cases there cited; opinion of WILLIAMS, C. J., *Eaton et al.* v. *Whitcomb*, 17 Vt., 641. This case does not come within the principle of the cases of *Britton* v. *Bishop et al.*, 11 Vt., 70, and *Walbridge* v. *Kibbee*, 20 Vt., 543. The defendant having shown no performance or part performance, and the agreement never having been acted upon by either party, and no settlement having ever been made between Martin and the defendant, or any application actually made according to the agreement, it was without consideration and void, a "*nudum pactum*," and was revocable by either party at will. *Follett & Bradley* v. *Eastman*, 16 Vt., 19; *Gilson, Admr.*, v. *Gilson*, 16 Vt., 464. No application having ever been made by Martin and the defendant, and the agreement carried out, it is no defense, the principle being directly recognized in *Stearns* v. *Houghton*, 38 Vt., 583. The defendant having requested the application to be made, and it not being done, raises the presumption that the payees revoked the agreement at that time, in the absence of other proof. Courts of law can not enforce a specific performance of an agreement which is wholly executory; which is substantially what is attempted to be done by this defense. This can only be done by a court of equity.

*Charles H. Heath*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. The evidence on the part of the defendant tended to show that Martin & Perry agreed with each other that Martin should make a bargain with the defendant to do blacksmith work for Martin, and take his pay therefor out of Martin & Perry's store; and that Martin did make such a bargain with the defendant, and informed Perry of it at the time, and that the defendant did work for Martin, and from time to time took goods at said store under said agreement that the work he did for Martin should

be in payment for said goods. If this was so, then of course the defendant did not owe Martin & Perry any thing when he gave the note. Each item of work operated, when done, a payment for so much for the goods the defendant had taken or should take out of the store under said agreement, and each item of goods so taken operated a payment for so much for any work the defendant had done or should do for said Martin. So, to the extent that the goods and the work balanced each other, there was nothing due from the one party to the other, as between the defendant on the one hand, and Martin & Perry on the other. It might properly have merited enquiry, therefore, whether there was any consideration for the note when it was given. Again, if the defendant's version be true, it would seem that it might have been questioned whether Martin & Perry could claim for that note the usual character borne by such paper ; and whether it was entitled to be regarded as any thing more than a memorandum or statement, over the hand of the defendant, of the amount of goods that the defendant had taken out of the store, under the said agreement between the parties. Such was, in fact, the character and office that, by the understanding of the parties at the time it was given, the note was to have and serve. If this was so, then it would not be the right of the payees of said note to undertake to enforce it as the evidence of a money debt against the defendant; for the consideration on which it purported to be based, viz.: the "value received," has already been paid to them by the work done by the defendant for Martin.

The case, however, does not seem to have been tried on either of the grounds above suggested, but on the ground that there was an agreement between Perry and the defendant, on the occasion of the giving of the note, which was subsequently ratified by Martin, and assented to by Perry, that the work done by the defendant for Martin should apply as payment of the note, according to the original agreement under which the deal and business between the parties had gone on. Now, it seems to us that the rulings to which exception was taken were eminently proper, both with reference to the law and the justice of the case. Martin & Perry were partners at the time the note was given, and while all the

matters were transpiring between them and the defendant in rela-
tion to it. It was clearly competent for the payees, while they
held the note, to make a binding and operative agreement that it
should be satisfied by the work the defendant had done for Martin,
and if such agreement was made by Martin and assented to by
Perry, it became operative as the agreement of both Martin and
Perry. The evidence objected to was treated as bearing on this
point. Perry denied any such agreement. In the conflict of the
testimony, as between the defendant and Martin on the one side,
and Perry on the other, it was proper, upon the most common
principles, to elicit and give in evidence the entire transaction
constituting the dealings, as a part, and out of which the note had
come to pass; for it bore directly on the question in dispute, viz:
whether there was an agreement between the parties to the note,
after it was given, as to the manner in which it should be satis-
fied, and what such agreement was. If the jury should, as they
did, find that the version given by the defendant of what trans-
pired up to the giving of the note was the true one, they would
be very likely to regard it as highly probable that Perry had not
made up his mind to turn rascal, as against the defendant, until
he had got into a quarrel with Martin, and if he was still under hon-
est impulses without any motive for acting counter to them, it
would be a generous inference in favor of Perry that he, in fact,
did concur with Martin, after the note had been given, that the
work done by the defendant for Martin should be payment of the
note, just as it had been payment of the account of Martin &
Perry at the time the note was given. *Kimball* v. *Locke*, 31 Vt.,
683. Such an agreement having been found by the jury, it can
not be regarded in any sense as so executory, or so unexecuted,
as not to operate a payment of the note. On the contrary, the
very moment the agreement was consummated by the consent of
Perry, the note became *eo instanti* satisfied in the hands of the
payees without any other act or ceremony. The account of the
defendant operated a satisfaction of the note. The note, *pro
tanto*, operated a satisfaction of the account.

This case differs widely from that of *Bronson* v. *Rugg*, 39 Vt.,
241, in which the plaintiff made a proposal as to the application

of money thereafter to be received by the defendant as the factor of the plaintiff, to which the defendant made an equivocal reply; but the subsequent course of the defendant showed that he did not accept or act upon such proposal of the plaintiff, but the contrary.

The judgment of the county court is affirmed.